UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TESHEMA LUCY, *on behalf of herself and all others similarly situated,* | ) ) ) | Civil Action No.: _____ |
| Plaintiff, | ) ) ) | |
| -against- | ) ) | |
| BAY AREA CREDIT SERVICE, LLC, and DOES 1-10, inclusive, | ) ) ) ) | **CLASS ACTION COMPLAINT JURY DEMANDED** |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**
**FOR VIOLATIONS OF FEDERAL AND STATE**
**CONSUMER PROTECTION STATUTES**

For her Complaint, the Plaintiff, Teshema Lucy, by and through undersigned counsel, pleading in her own behalf and on behalf of all others similarly situated, states as follows:

**JURISDICTION**

1.      Plaintiff, TESHEMA LUCY ("Lucy" or the "Consumer"), files this Class Action Complaint ("Complaint") seeking redress for the unlawful and predatory consumer debt collection practices engaged in by the Defendant, BAY AREA CREDIT SERVICE, LLC ("Bay Area Credit"). Bay Area Credit conducts its debt collection business in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by charging consumers unauthorized collection fees and disguising that it, rather than original creditors, owns alleged debts.

2.      This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

3.      This Court should exercise Supplemental Jurisdiction over the Connecticut state law claims asserted herein pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

5.      Lucy is an individual residing in Bloomfield, Connecticut.

6.      Lucy is a "consumer" within the meaning of Section 803 of the FDCPA 15 U.S.C. § 1692a(3), in that the alleged debts that the Defendant sought to collect from her were originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

7.      Bay Area Credit is, upon information and belief, a California Limited Liability Company authorized to conduct business in the state of Connecticut.  Bay Area Credit maintains offices at 1901 West 10th Street, Antioch, California, 94509, as its principle place of business and can be served in the state of Connecticut care of its agent CT Corporation System, One Corporate Center, Floor 11, Hartford, Connecticut, 06103.  Bay Area Credit is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, the Bay Area Credit is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8.      Does 1-10 (the "Collectors") are individual Bay Area Credit employees whose identities are currently unknown to the Plaintiff.  One or more of the DOES may be joined as parties once their identities are disclosed through discovery.

9.      Bay Area Credit at all times acted by and through one or more of the employees.

## STATEMENT OF FACTS

### A.  The Accounts

10.     Defendants asserted that Plaintiff had incurred a financial obligation (the "Debt") to AT&T Mobility ("AT&T" or the "Original Creditor").

11.     The Debt arose from services provided by AT&T which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

12.     The Debt was purchased, assigned, placed with or transferred to Bay Area Credit for collection.

13.      The contracts creating the account stated the consumer agreed to reimburse the Original Creditor for collection fees incurred by it in enforcing the agreements creating the debts.

14.     The account subsequently went into arrears.

15.     Thereafter, Bay Area Credit purchased the account.

16.     Upon information and belief, the account was purchased by Bay Area Credit, together with other identical AT&T accounts, as part of a portfolio at a greatly reduced price – mere pennies on the dollar.

### B.     The Collection Fees

17.     On or about March 2, 2010, Bay Area Credit sent Plaintiff a Letter annexed hereto and made a part of this Complaint as Exhibit A.

18.     The Letter sought to collect a "Contractual Collection Fee" collection fee in addition to an "amount owing."

3

19.    The relevant portions of the Letter are produced herewith[1]:





SERVICE LLC.

1901 W 10th Street, Antioch CA 94509-1380

800-214-5291

TESHEMA L LUCY

BLOOMFIELD CT 06002-3615

| | |
|---|---|
| Our Account #: | 7903535 |
| Creditor: | AT&T MOBILITY |
| Account Number: | 374010488954 |
| Amount Owing: | $1461.18 |
| Contractual Collection Fee: | $219.18 |
| TOTAL DUE: | $1680.36 |



March 2, 2010

## ACCOUNT NOTIFICATION

We have previously sent you notice of an outstanding balance owed to AT&T MOBILITY and our records still reflect an unpaid amount. In order to give you every consideration, we are again providing you with notice of your delinquent debt and an opportunity to resolve your account in a voluntary manner. Remit the balance due at this time, or contact this office to establish a reasonable payment plan.

You may send your payment either by check or money order to the address above. On the payment, show the name in which this debt is listed, the name of the creditor and indicate the above Account Number to ensure proper handling of your payment.

For your convenience, we also accept credit card payments and checks by phone. Please call the toll-free number above for assistance.

Your prompt response is requested.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

BAY AREA CREDIT SERVICE LLC.

20.    Upon information and belief, Bay Area Credit calculated its collection fees by taking a percentage of the principal amount.

21.    Upon information and belief, the agreements creating the Debt did not authorize subsequent purchasers of the debt to add collection fees to principal amounts.

22.    Upon information and belief, Bay Area Credit's actual costs of collecting the accounts are substantially less than the collection fee it charged the Plaintiff.

---

[1] Portions of the Letter have been redacted for privacy reasons.

4

23.     Alternatively, Bay Area Credit accepts accounts on a contingency arrangement that entitles it to collect a percentage of amounts recovered, which is typically less than the collection fees charged here.

**C.  Bay Area Credit's Collection Fees Deceive and Mislead Consumers**

24.     Upon information and belief, Bay Area Credit purchases thousands of similar accounts from original creditors which it then attempts to collect from consumers across the country.

25.     Upon information and belief, Bay Area Credit charges those consumers a collection fee not authorized by either the agreements creating the original debts or state law.

26.     Bay Area Credit's practice misleads consumers by creating the false impression that consumers have incurred a collection fee due and owing.

27.     Bay Area Credit's practice misleads consumers by creating the false impression that the collection fee accurately states the costs incurred by the original creditor in connection with collection of accounts.

**D.  Bay Area Credit's Collection Letters Deceive and Mislead Consumers**

28.     Upon information and belief, the Letters are examples of form letters, substantially similar to thousands of letters sent to consumers across the country.

29.     The Letters each state that the consumer has an outstanding balance owed to the original creditor.

30.     The Letters mislead consumers by creating the false impression that they are transmitted on behalf of original creditors.  In fact, the Letter is transmitted on behalf of Bay Area Credit, the sole owner of the accounts.

**E.  Allegations Applicable to Plaintiff Only**

31.     The Defendants use rude and abusive language when speaking to the Plaintiff. Specifically, the Defendants have said, "Hurry up and pay!  Get the money from your mom!"

32.     After the Plaintiff informed the Defendants that she was represented by an attorney, they continued to call her.

**CLASS ACTION ALLEGATIONS**

**A.  The Class**

33.     Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

34.     Plaintiff proposes two classes defined as follows:

**Class A**

**All consumers in the state of Connecticut who were sent a collection letter by the Defendant seeking to collect a contractual collection fee for AT&T Mobility within one year prior to the filing of this action which was not returned as undeliverable.**

**Class B**

**All consumers in the state of Connecticut from whom Defendant collected unauthorized 'contractual collection fees.'**

**Class C**

**All consumers to whom a letter in the form of the Letters was sent by the Defendant into the state of Connecticut within one year prior to the filing of this action which was not returned as undeliverable which misrepresented that AT&T Mobility owned the account.**

**B.    Numerosity**

35.     The Letters are mass-mailed form letters.  Therefore, the members of the Classes are believed to be so numerous that joinder of all members is impractical.

6

36.     Upon information and belief, Bay Area Credit transmits thousands of similar letters to consumers in Connecticut.  In each instance, Bay Area Credit seeks to collect from consumers illegal "collection fees."

37.     The exact numbers and identities of Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from the Defendant's records.

38.     Plaintiff reasonably believes that there are thousands of consumers who are members of each Class.

C.     **Common Questions of Law and Fact**

39.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

40.     The questions of law and fact common to the Classes concern whether the Defendant's practice of transmitting communications to consumers in the form of the two notices constitute conduct which violates Sections 807 and 808 of the FDCPA.

41.     The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

    a.  Did the Defendant violate 15 U.S.C. §1692e(10) by engaging in the deceptive practice of using false representations and deceptive conduct to collect consumer debts?

    b.  Did the Defendant violate 15 U.S.C. § 1692f(1) by attempting to collect a collection fee not expressly authorized by the agreement creating the debt or permitted by law?

    c.  Did Defendant violate the Connecticut Unfair Trade Practices Act?

7

    d.  Did Defendant defraud consumers from who it collected unauthorized and illegal "collection fees?"

**D.**    <u>**Typicality**</u>

42.    Plaintiff's claims are typical of the claims of the Class members since each of the claims arises from receipt of a letter substantially similar to the Letter in which Miracle charges an illegal collection fee.

**E.**    <u>**Protecting the Interests of the Class Members**</u>

43.    Plaintiff will fairly and adequately represent the Class members' interests, all of whom are victims of the Defendant's unlawful and wrongful conduct.

44.    All of the Class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

45.    Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

**F.**    <u>**Proceeding Via Class Action is Superior and Advisable**</u>

46.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

47.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

48.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

49.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

50.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants and other debt collectors.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

51.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

### COUNT I
**Violations of FDCPA**
**Section 807(10), 15 U.S.C. § 1692e(10) by**
**Use of Deception to Collect a Debt**

52.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

53.     FDCPA Section 807(10), 15 U.S.C. § 1692e(10), provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading**
> **representation or means in connection with the collection of**
> **any debt. Without limiting the general application of the**
> **foregoing, the following conduct is a violation of this section . . .**
>                         ****
> **(10) The use of any false representation or deceptive means to**
> **collect or attempt to collect any debt or to obtain information**
> **concerning a consumer.**

54.     The acts and practices complained in this Complaint constitute the use of false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).

9

55.     By virtue of the foregoing, the Plaintiff is entitled to recover damages as prayed for herein.

## COUNT II
### Violations of FDCPA
### Section 808(a), 15 U.S.C. § 1692f(1) by
### The Collection of an Unauthorized Amount

56.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

57.     FDCPA Section 808, 15 U.S.C. § 1692f, provides in relevant part:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> ****
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

58.     The acts and practices complained of herein constitute the use of unfair and unconscionable means to collect or attempt to collect a debt.

59.     By virtue of the foregoing, the Plaintiff is entitled to recover damages as prayed for herein.

## COUNT III
### Violations of Connecticut Unfair Trade Practices Act
### Conn. Gen. Stat. § 42-110a by
### Engaging in Unfair and Deceptive
### Acts and Practices

60.     The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

61.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

62.     The unfair and deceptive acts engaged in by the Defendants caused the Plaintiff and members of the proposed a pecuniary loss in the form of unauthorized and illegal collection fees.

63.     As a result the Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT IV**
**Violations of the FDCPA**
**15 U.S.C. § 1692, *et seq.***
**(Plaintiff's Individual Claims)**

64.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

66.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

67.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

68.     The Plaintiff is entitled to damages as a result of Defendants' violations.

**DEMAND FOR RELIEF**

WHEREFORE, Lucy asks that this Court enter judgment in her favor and in favor of the members of the Class and against the defendants, jointly and severally, as follows:

A)     Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

11

B)   Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692j (b);

C)   Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(a)(3);

D)   Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

E)   Awarding punitive damages as redress for Defendants' fraud under the laws of the state of Connecticut;

F)   Declaring that the Letter violates the FDCPA;

G)   Declaring that the Defendants' practice violates the Connecticut Unfair Trade Practices Act; and

H)   Granting such other and further relief this Court deems just and appropriate.

**JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated: June 24, 2010
      Stamford, CT

LEMBERG & ASSOCIATES L.L.C.
*Attorneys for Plaintiff*

Sergei Lemberg, Esq. (Juris No. 425027)
Lemberg & Associates, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
slemberg@lemberglaw.com

# EXHIBIT A



# BAY AREA CREDIT SERVICE LLC.

1901 W 10th Street, Antioch CA 94509-1380

800-214-5291

P.O. BOX 5932
TROY MI 48007-5932
RETURN SERVICE REQUESTED

↑ PLEASE DO NOT SEND PAYMENTS OR ↑
CORRESPONDENCE TO THE ABOVE ADDRESS

TESHEMA L LUCY
BLOOMFIELD CT 06002-3615
I‖‖ı‖ıl‖ılıl‖ıll‖ılıı‖llı‖ıll‖ı‖ılıılıl‖ıl

March 2, 2010

Our Account #: 7903535
Creditor: AT&T MOBILITY
Account Number: 37401048854
Amount Owing: $ 1461.18
Contractual Collection Fee : $ 219.18
TOTAL DUE: $ 1680.36

## ACCOUNT NOTIFICATION

We have previously sent you notice of an outstanding balance owed to AT&T MOBILITY and our records still reflect an unpaid amount. In order to give you every consideration, we are again providing you with notice of your delinquent debt and an opportunity to resolve your account in a voluntary manner. Remit the balance due at this time, or contact this office to establish a reasonable payment plan.

You may send your payment either by check or money order to the address above. On the payment, show the name in which this debt is listed, the name of the creditor and indicate the above Account Number to ensure proper handling of your payment.

For your convenience, we also accept credit card payments and checks by phone. Please call the toll-free number above for assistance.

Your prompt response is requested.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

BAY AREA CREDIT SERVICE LLC.

MOB2